**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JANICE HORNE, individually and as
natural mother and guardian of A.C.,
a minor,

       Plaintiff,

v.                                    Case No. 3:17-cv-974-J-34MCR

KELLY SERVICES, INC., a foreign
for-profit corporation,

       Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("It is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On September 19, 2017, Defendant Kelly Services, Inc. (Kelly Services) filed a notice of removal notifying the Court of its intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has jurisdiction over this action. See Notice of Removal (Doc. No. 1; Notice) at 1-4. Specifically, Kelly Services asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332, and therefore, the action is removable pursuant to 28 U.S.C. § 1441. See id. In support of this assertion, Kelly Services declares that "Plaintiff Janice Horne was at all times relevant a resident of Duval County . . . ". Id. at 2 (emphasis added). However, such an allegation does not adequately identify the citizenship of Plaintiff Janice Horne (Horne), and the Complaint and Demand for Jury Trial (Doc. No. 2; Complaint) does not offer sufficient additional information to satisfy the Court's jurisdictional inquiry.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

Because the Notice discloses Horne's residence, rather than her domicile or state of citizenship, the Court finds that Kelly Services has not alleged the facts necessary to establish the Court's jurisdiction over this case. "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").

Additionally, upon review of the Notice and Complaint, the Court finds that Kelly Services fails to allege sufficient facts to plausibly demonstrate that the amount in controversy exceeds $75,000. In the Complaint, Horne alleges that her damages exceed $15,000.00, exclusive of interest, fees, and costs. See Complaint ¶ 1. Horne asserts that as a result of Kelly Services' negligence, her minor son "suffered serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expenses of hospitalization, medical and nursing care, and other treatment, loss of ability to earn future wages, and aggravation of previously existing conditions." Id. ¶ 18. She further alleges that his injuries are "permanent or continuing." Id. In addition, Horne brings a loss of consortium claim and alleges that she "has incurred medical bills, lost wages, and other incidental expenses in the assistance, care and treatment of her son" and that "she will continue to incur said bills and other expenses into the future." Id. ¶ 22. In support of removal, counsel for Kelly Services merely points to these allegations before concluding that "the foregoing damage allegations place the amount in controversy within the Court's jurisdiction." See Notice ¶ 5.

Where a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." See Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In Dart Cherokee Basin Operating Co., the Supreme Court explained that a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." See Dart Cherokee Basin Operating Co., 135 S. Ct. at 554. If the plaintiff contests the allegation, or the court questions it, a defendant must then present evidence establishing that the amount in controversy requirement is met. Id. (citing 28 U.S.C. § 1446(c)(2)(B)); see also Dudley v. Eli Lilly & Co., 778 F.3d 909, 912 (11th Cir. 2014). Notably, "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." See Williams, 269 F.3d at 1320. Indeed, the Court may not speculate or guess as to the amount in controversy. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). Rather, a removing defendant should make "specific factual allegations establishing jurisdiction" and be prepared to "support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754 (emphasis added). In those circumstances, a court is able to determine the amount in controversy without relying on impermissible "conjecture, speculation, or star gazing." Id. at 754 (emphasis added).[1]

---

[1] The Court notes that Dart, Dudley and Pretka, all involved cases removed to federal court under the Class Action Fairness Act of 2005 (CAFA). Because remand orders are not ordinarily reviewable on appeal, except in class action cases, see 28 U.S.C. § 1447(d), § 1453(c), appellate decisions on removal usually involve cases removed under CAFA. See, e.g., Pretka, 608 F.3d at 752. Nonetheless, with limited exception, "CAFA's removal provision expressly adopts the procedures of the
(continued...)

Here, Kelly Services fails to present a "plausible allegation" of the amount in controversy. Kelly Services' recitation of the generic, vague and categorical allegations of the Complaint does not provide the Court with any specific, factual information by which to determine whether Horne's damages plausibly exceed the jurisdictional threshold. Indeed, based on the allegations in the Notice and Complaint, the Court can do no more than speculate regarding the nature and severity of her minor son's injuries. Thus, "without facts or specific allegations, the amount in controversy [can] be 'divined [only] by looking at the stars'–only through speculation–and that is impermissible." Id. at 753-54 (third alteration in original) (quoting Lowery v. Ala. Power Co., 483 F.3d 1184, 1209, 1215 (11th Cir. 2007)). In light of Horne's vague allegations of damages, and in the absence of any information regarding the nature of her minor son's injuries, or the cost of his subsequent medical care, the Court is unable to determine whether the amount in controversy requirement is satisfied here. As such, Kelly Services has failed to provide the Court with sufficient information for the Court to determine whether it has jurisdiction over this action.

In light of the foregoing, the Court will give Kelly Services an opportunity to establish the amount in controversy, diversity of citizenship between the parties, and that this Court has jurisdiction over the action.[2] Accordingly, it is **ORDERED**:

---

[1](...continued)
general removal statute, 28 U.S.C. § 1446." Pretka, 608 F.3d at 756-57 & n.11 (citations omitted). Thus, although the cases cited above involved removal under CAFA, they interpret and apply the general removal procedures, and thus, the Court finds the analysis of those cases applicable here. See Bender v. Mazda Motor Corp., 657 F.3d 1200, 1204 n. 2 (11th Cir. 2011) (addressing an appeal involving a non-CAFA removal and citing to Pretka as authority regarding removal procedures).

[2] The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met. See McCormick, 293 F.3d at 1257; see also Taylor, 30 F.3d at 1367 (noting that the "pleader must affirmatively allege facts
(continued...)

Defendant Kelly Services, Inc. shall have until **October 14, 2017**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** on September 27, 2017, in Jacksonville, Florida.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc24

Copies to:

Counsel of Record

---

[2](...continued)
demonstrating the existence of jurisdiction").